**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KDB Finance LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Michael J Mills, M&M Refining Solutions Incorporated, Plasmaarc Industries Incorporated, Carmil Energy Incorporated, Unknown Parties, Minotaur Remediation Far East Limited, Minotaur Holdings LLC, Green Planet Investments LLC, Modern Mining Solutions LLC, Recovered Earth Technologies LLC, Recovered Earth GP LLC, and Rare Earth Solutions LLC,<br><br>    Defendants. | No. CV-17-02250-PHX-SMB<br><br>**ORDER GRANTING MINOTAUR REMEDIATION FAR EAST LIMITED'S MOTION TO DISMISS** |

At issue is Defendant Minotaur Remediation Far East Limited's ("Minotaur") Motion to Dismiss for Lack of Jurisdiction and Motion to Dismiss for Failure to State a Claim. (Doc. 79, Mot.). Plaintiff KDB Finance, LLC ("KDB") responded. (Doc. 90, Resp.). Minotaur replied (Doc. 91, Reply). Neither party requested oral argument, and the Court finds the matter appropriate for resolution without such argument. *See* LRCiv 7.2(f). For the reasons that follow, the Court grants the motion and will dismiss Minotaur without prejudice.

Among its other arguments for dismissal, Minotaur contends that it was not served within the 14-day time period as required by the Court's Order. On November 14, 2017, KDB filed a Motion for Leave to Amend Verified Complaint, which added Minotaur and others as new defendants. (Doc. 34). On December 8, 2017, the Court granted the motion

and ordered all parties be served within 14 days. (Doc. 38). Defendant Minotaur was not served until June 13, 2018. KDB responds that the Court already settled this issue in its favor at a July 20, 2018, status conference. At the status conference, KDB said it served Defendant Mills's lawyer in Arizona and accountant in Texas to effectuate service. The Docket and the transcript from that hearing, however, reveals no such order settling the service issue. In fact, from the hearing, the only order ruled on was granting Minotaur more time to file a motion to dismiss, and Minotaur specifically stated at the hearing that it did not agree to jurisdiction and intended to raise the issue in the motion to dismiss.

Under the local rules, when a motion for leave to amend is granted, the amended pleading must be served "on all parties under Rule 5 of the Federal Rules of Civil Procedure within fourteen (14) days of the filing of the order granting leave to amend, *unless the Court orders otherwise*." LRCiv 15.1 (emphasis added). Additionally, the Court is aware that other circuits have held that when an amended complaint names a new defendant, the longer deadline of Rule 4(m) applies. *See Lindley v. City of Birmingham*, 2011 WL 6347866, at *1 (11th Cir. Dec. 20, 2011) ("Thus when an amended complaint names a new defendant, a plaintiff has 120 days from the date on which the amended complaint is filed to serve that defendant with process."); *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004) ("[T]he district court erred in dismissing all of the defendants named in the second amended complaint for lack of service, as [Plaintiff] should have been given an additional 120 days to serve those defendants who were added by the second amended complaint."). Since *Lindley* and *Carmona*, the time to serve under Rule 4(m) has been reduced to 90 days.

When service of process is challenged, the plaintiff bears the burden of establishing the validity of service. *Falco v. Nissan N. Am. Inc.*, 987 F. Supp. 2d 1071, 1074 (C.D. Cal. 2013) Here, KDB never requested an extension to complete service nor has it given any reason for the Court to find good cause for failing to serve Minotaur promptly. Instead of serving Minotaur within the 14-day deadline ordered by the Court on December 8, 2017, or within the 90-day deadline provided by Rule 4(m), KDB took over six months from the

date of being granted leave to file an amended complaint before eventually serving two of Minotaur's agents, one in Arizona and one in Texas. The Court finds that KDB failed to serve Minotaur within the deadline for doing so and dismissal is proper. Because dismissal is proper for lack of timely service, the Court will not address the other grounds Minotaur raised for dismissal.

Accordingly, **IT IS ORDERED** that:

1. The motion to dismiss by Defendant Minotaur Remediation Far East Limited is **GRANTED**.

Dated this 21st day of February, 2019.

_____
Honorable Susan M. Brnovich
United States District Judge